IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| **WILLIAM JONES** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT FOR DAMAGES** |
| | ) | **AND REINSTATEMENT** |
| **NEW YORK LIFE INSURANCE** | ) | |
| **AND ANNUITY CORPORATION** | ) | **JURY DEMAND ENDORSED** |
| | ) | **HEREIN** |
| **Serve: CORPORATION TRUST** | ) | |
| **COMPANY** | ) | |
| 1209 Orange Street | ) | |
| Wilmington, DE 19801 | ) | |
| | ) | |
| -and- | ) | |
| | ) | |
| **New York Life Insurance and Annuity** | ) | |
| **Company** | ) | |
| 51 Madison Avenue, | ) | |
| New York, NY 10010 | ) | |
| | ) | |
| **And** | ) | |
| | ) | |
| **NYLIFE SECURITIES LLC** | ) | |
| | ) | |
| **Serve: CT CORPORATION SYSTEM** | ) | |
| 160 Mine Lake Ct Ste 200 | ) | |
| Raleigh, NC 27615-6417 | ) | |
| | ) | |
| -and- | ) | |
| | ) | |
| **NYLIFE SECURITIES LLC** | ) | |
| 51 Madison Avenue, | ) | |
| New York, NY 10010 | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, William Jones, by and through undersigned counsel, as his Complaint against

Defendant(s) New York Life Insurance and Annuity Corporation and NYLIFE Securities LLC

("Defendants" or "NY Life"), states and avers the following:

**PARTIES**

1. Plaintiff William Jones ("Jones") is a resident of Iredell County, North Carolina, and resides at 205 Kennerly Center Drive, Mooresville, North Carolina 28115.

2. Defendant New York Life Insurance and Annuity Corporation is a foreign corporation authorized to transact business in North Carolina and may be served through its registered agent, Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801 with its principal place of business at 51 Madison Avenue, New York, New York 10010.

3. At all times relevant herein, New York Life Insurance and Annuity Corporation conducted business in North Carolina, employed individuals in North Carolina, and derived substantial revenue from business activities occurring within North Carolina.

4. Defendant NYLIFE Securities LLC is a foreign limited liability company authorized to transact business in North Carolina and may be served through its registered agent, CT Corporation System, 160 Mine Lake Court, Suite 200, Raleigh, North Carolina 27615.

5. NYLIFE Securities also maintains a principal business address at 51 Madison Avenue, New York, New York 10010.

6. At all times relevant herein, NYLIFE Securities conducted business in North Carolina, employed individuals in North Carolina, and exercised control over employment practices affecting employees working within North Carolina.

7. Defendants operated a general office employing Plaintiff and other individuals located at 14189 Ballantyne Village Way, Suite 1100, Charlotte, NC 28277.

8. At all times relevant herein, Defendants were employers within the meaning of the Americans with Disabilities Act, 42 U.S.C. § 12111(5), and any other applicable federal employment statutes asserted herein.

2

9. At all times relevant herein, Defendants acted directly or through their officers, managers, supervisors, employees, agents, and representatives, who were acting within the course and scope of their employment and authority.

10. Upon information and belief, New York Life Insurance and Annuity Corporation and NYLIFE Securities LLC jointly controlled the terms and conditions of Plaintiff's employment, including hiring, supervision, discipline, compensation, benefits, and termination decisions. To the extent one Defendant contends that the other was Plaintiff's employer, Plaintiff alleges that Defendants acted as joint employers and/or an integrated enterprise and are each liable under the ADA.

**<u>JURISDICTION & VENUE</u>**

11. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States, including the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.

12. This Court also has jurisdiction pursuant to 28 U.S.C. § 1343 because Plaintiff seeks redress for the deprivation of rights secured by federal civil rights laws.

13. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over any related state-law claims because those claims arise from the same nucleus of operative facts as Plaintiff's federal claims.

14. This Court has personal jurisdiction over Defendants because Defendants transact business within the State of North Carolina, employ individuals within North Carolina, purposefully avail themselves of the privilege of conducting business within North Carolina, and the claims asserted herein arise out of Defendants' activities within North Carolina.

3

15. Defendants regularly conduct and solicit business within North Carolina, maintain employees and agents within North Carolina, and derive substantial revenue from services rendered within North Carolina.

16. The unlawful employment practices alleged herein were directed toward Plaintiff while he was employed in North Carolina and caused injury to Plaintiff within North Carolina.

17. Venue is proper in the Western District of North Carolina pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred within this District.

18. Within 180 days of the conduct alleged below, Jones filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 563-2026-00634 against NY Life.

19. On or about March 19, 2026, the EEOC issued and mailed a Notice of Right to Sue letter to Jones regarding the Charges of Discrimination brought by Jones against NY Life in EEOC Agency Charge No. 563-2026-00634.

20. Jones received him Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 2000e-5(f)(1) - which has been attached hereto as Plaintiff's Exhibit A.

21. Jones has filed this Complaint within 90 days of the issuance of the Notice of Right to Sue letter.

22. Jones has properly exhausted his administrative remedies by timely filing an EEOC Charge, receiving a Notice of Right to Sue, and commencing suit within 90 days.

## **FACTS**

1. Jones is a former employee of NY Life.

2. Jones suffers from severe anxiety disorder, panic disorder, and Attention Deficit Hyperactivity Disorder ("ADHD") (collectively "Jones's Disabilities")

3. Jones Disabilities are all disabilities that cause difficulty concentrating and communicating.

4. Jones's conditions constitute mental impairments within the meaning of the Americans with Disabilities Act ("ADA").

5. Jones's impairments substantially limit one or more major life activities, including concentrating, communicating, interacting with others, and working.

6. Jones is an individual with a disability within the meaning of the ADA.

7. In the alternative, NY Life regarded Jones as disabled within the meaning of the ADA.

8. At all relevant times, Jones was qualified to perform the essential functions of his position with or without reasonable accommodation.

9. NY Life hired Jones on or about January 4, 2024, as an Insurance Agent.

10. Jones was hired and supervised by Daniel Ratajczak.

11. Ratajczak was the Partner at NY Life.

12. Ratajczak is not disabled.

13. As a Partner, Ratajczak possessed authority to supervise, discipline, and make employment recommendations concerning employees.

14. As a Partner, Ratajczak possessed authority to supervise, discipline, and make employment recommendations concerning Jones.

15. In or around March 2024, Jones notified Ratajczak of Jones's Disabilities

16. NY Life therefore had actual knowledge of Jones's disabilities.

17. In or around December 2024, Jones notified Ratajczak that he was feeling overwhelmed and experiencing difficulties related to his disabilities.

18. Jones requested time away from work and assistance related to his medical conditions. ("Jones's Accommodation Request")

19. Jones's Accommodation Request constituted a request for reasonable accommodation under the ADA.

20. NY Life failed to engage in the interactive process regarding Jones's request.

21. NY Life failed to meaningfully respond to Jones's request for accommodation.

22. Despite his disabilities, Jones continued performing his job duties.

23. On or about June 27, 2025, Jones reported suspected insurance fraud involving his supervisor Ratajczak to the North Carolina Department of Insurance.

24. On or around July 16, 2025, Ratajczak met with Jones and attempted to pressure Jones to resign his employment.

25. Karen Quach is an HR representative at NY Life.

26. Quach is not disabled.

27. Yasmine Ibrahim is an HR representative at NY Life.

28. Ibrahim is not disabled.

29. On or around July 24, 2025, Jones complained to NY Life's Human Resources representatives Karen Quach and Yasmine Ibrahim regarding suspected fraudulent misconduct, discrimination, and the impact the workplace environment was having on Jones' Disabilities ("Jones's Report of Discrimination").

30. Jones thereby engaged in protected activity under the ADA.

31. On or about August 5, 2025, NY Life's revoked Jones's access to accounts, systems, and tools necessary to perform his job.

32. On or about August 5, 2025, NY Life also suspended Jones's health and life insurance benefits.

33. On or about August 5, 2025, NY Life informed Jones that he had been terminated.

34. On or around August 8, 2025, NY Life informed Jones that the revocation of Jones's access and employment status had resulted from a company error or glitch.

35. On or around August 8, 2025, Defendant temporarily restored Jones's access to certain systems and accounts.

36. On or about August 8, 2025, Jones again complained to NY Life's Human Resources via email to Ibrahim and HR Central to report disability discrimination and insurance fraud. ("Jones's Second Report of Discrimination")

37. Jones thereby engaged in additional protected activity under the ADA.

38. On or about August 20, 2025, Defendant again revoked Jones's access to accounts, systems, and tools necessary to perform his position.

39. After August 20, 2025, Jones was unable to perform his work because Defendant denied him access to the systems and resources required to perform his job duties.

40. Defendant never restored Jones's access after August 20, 2025.

41. Upon information and belief, Defendant subsequently mailed a termination letter to 4487 Dover Court, Denver NC 28037, an outdated address despite possessing notice of Jones's correct address.

42. Jones had not lived at 4487 Dover Court, Denver NC 28037 since December 2024.

43. NY Life had notice that Jones no longer lived at 4487 Dover Court, Denver NC 28037.

44. NY Life's alleged reason for termination was listed as lack of production.

45. NY Life's purported reason for Jones's termination is false and pretextual.

46. NY Life did not offer a legitimate non-discriminatory reason for terminating Jones.

47. NY Life's actions occurred after Jones disclosed his disabilities, requested accommodation, complained of discrimination, and engaged in protected activity.

48. Upon information and belief, NY Life treated similarly situated employees without disabilities more favorably than Jones.

49. Upon information and belief, Jones's termination of employment, NY Life hired or retained an individual outside of Jones's protected class to replace Jones.

50. As a direct and proximate result of Defendant's conduct, Jones suffered lost wages, lost benefits, emotional distress, humiliation, embarrassment, inconvenience, and other damages.

## COUNT I: <u>DISABILITY DISCRIMINATION AMERICANS WITH DISABILITIES ACT 42 U.S.C. § 12112(A)</u>

51. Jones incorporates by reference the preceding paragraphs as though fully restated herein.

52. Jones suffers from a severe anxiety disorder, panic attacks and ADHD.

53. Jones is disabled within the meaning of the ADA.

54. In the alternative, NY Life perceived Jones as being disabled.

55. Jones's condition constituted a mental impairment.

56. Jones's condition substantially impaired one or more of his major life activities including working.

57. NY Life perceived Jones's condition to substantially impair one or more of his major life activities including working.

58. NY Life treated Jones differently than other similarly situated employees based on his disabling condition.

59. NY Life treated Jones differently than other similarly situated employees based on his perceived disabling condition.

8

60. Jones was qualified for his position and could perform the essential functions of his job with or without reasonable accommodation.

61. NY Life subjected Jones to adverse employment actions, including revoking access to necessary work systems, suspending benefits, and terminating his employment.

62. On or about August 20, 2025, NY Life terminated Jones's employment without just cause.

63. Jones's Disabilities and/or perceived disability were a motivating factor in NY Life's decision to take adverse employment action against him.

64. NY Life Defendant's stated reason for terminating Jones was pretext for unlawful discrimination.

65. NY Life violated the ADA, 42 U.S.C. § 12112(a).

66. Jones suffered emotional distress as a result of NY Life' conduct, and is entitled emotional distress damages pursuant to the ADA.

67. As a direct and proximate result of NY Life's conduct, Jones suffered and will continue to suffer damages, including economic and emotional distress damages.

## COUNT II FAILURE TO ACCOMMODATE AMERICANS WITH DISABILITIES ACT
## 42 U.S.C. § 12112(b)(5)(A)

68. Jones incorporates by reference the preceding paragraphs as though fully restated herein.

69. Jones notified NY Life of his disabilities.

70. Jones requested reasonable accommodation for those disabilities.

71. NY Life was aware of Jones's disabilities and need for accommodation.

72. NY Life failed to engage in the interactive process in good faith.

73. NY Life failed to provide a reasonable accommodation.

74. NY Life's failure to accommodate Jones's known disabilities violated the ADA.

75. As a direct and proximate result of NY Life's conduct, Jones suffered damages.

## COUNT III RETALIATION AMERICANS WITH DISABILITIES ACT 42 U.S.C. § 12203

76. Jones incorporates by reference the preceding paragraphs as though fully restated herein.

77. Jones engaged in protected activity by requesting accommodation and complaining of disability discrimination.

78. NY Life knew Jones had engaged in protected activity.

79. After Jones engaged in protected activity, NY Life revoked Jones's access to necessary work systems, suspended his benefits, and terminated his employment.

80. There is a causal connection between Jones's protected activity and NY Life's adverse employment actions.

81. NY Life retaliated against Jones because he engaged in activity protected by the ADA.

82. NY Life violated 42 U.S.C. § 12203.

83. As a direct and proximate result of NY Life's retaliation, Jones suffered damages.

## **DEMAND FOR RELIEF**

WHEREFORE, Plaintiff William Jones respectfully requests that this Court enter judgment in his favor and against Defendants New York Life Insurance and Annuity Corporation and NYLIFE Securities LLC, jointly and severally to the extent permitted by law, and award the following relief:

A. A declaration that Defendants violated the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.;

B. An Order requiring Defendants to reinstate Plaintiff to his former position, or to a substantially equivalent position for which he is qualified, with restoration of all seniority,

benefits, compensation, and privileges of employment, or, in the alternative, an award of front pay;

C. An Order directing Defendants to remove and expunge from Plaintiff's personnel file any negative documentation, disciplinary actions, or termination records arising from the unlawful conduct alleged herein;

D. An award of back pay, lost wages, lost commissions, lost benefits, and all other compensation and employment-related losses sustained as a result of Defendants' unlawful conduct;

E. An award of compensatory damages for emotional distress, mental anguish, humiliation, embarrassment, inconvenience, and other non-economic losses in an amount to be determined by the jury;

F. An award of punitive damages against Defendants as permitted by law;

G. An award of pre-judgment interest and post-judgment interest as allowed by law;

H. An award of reasonable attorneys' fees, expert witness fees, litigation expenses, and non-taxable costs pursuant to 42 U.S.C. § 12205 and other applicable law;

I. An award of the taxable costs of this action;

J. An award holding Defendants jointly and severally liable for all damages to the fullest extent permitted by law; and

K. Such other legal and equitable relief as the Court deems just, proper, and appropriate.

Respectfully submitted,

/s/ *Janelle Lyons.*

Janelle Lyons (35421)
**SPITZ, THE EMPLOYEE'S LAW FIRM**
6135 Park South Drive
Suite 590
Charlotte, NC 28210
Phone: (980) 301-0755
Fax:      (216) 291-5744
Email: janelle.lyons@spitzlawfirm.com

*Attorney For Plaintiff*
*William Jones*

## <u>JURY DEMAND</u>

Plaintiff William Jones demands a trial by jury by the maximum number of jurors permitted.

/s/ *Janelle Lyons*

Janelle Lyons (35421)
**SPITZ, THE EMPLOYEE'S LAW FIRM**
6135 Park South Drive
Suite 590
Charlotte, NC 28210
Phone: (980) 301-0755
Fax:     (216) 291-5744
Email: janelle.lyons@spitzlawfirm.com

*Attorney For Plaintiff*
*William Jones*

13